**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LESLIE WIGGINS,

       Plaintiff,                Case No.

v.                                  Hon.

CONSTELLIUM AUTOMOTIVE
USA, LLC,

       Defendant.

_____

Joseph X. Michaels (P79084)
CROSON, TAUB, & MICHAELS, PLLC
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
jmichaels@ctmlawyers.com

_____

### PLAITIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Leslie Wiggins, by and through her attorneys, CROSON, TAUB, & MICHAELS, PLLC, hereby alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1.    Plaintiff Leslie Wiggins is an individual currently residing in Jackson County.

2. Defendant Constellium Automotive USA, LLC is a Delaware Corporation.

3. Defendant Constellium Automotive USA, LLC operates a facility in Van Buren Township in Wayne County, where the relevant events described herein occurred.

4. Jurisdiction is proper in this Court under 42 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff's claims involve violations of federal law, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e, *et seq.*

5. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367, as they arise from the same case and controversy.

6. Venue is proper in this Court under 28 U.S.C. § 1391 as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF FACTS

7. Ms. Wiggins is an accomplished and highly trained environmental health and safety professional, with a lengthy history in the industry.

8. In February 2017, Defendant hired Plaintiff as an Environmental Health & Safety Coordinator in its White, Georgia location.

9. Plaintiff performed this job satisfactorily and met all requirements for this position.

10.     In October 2018, Plaintiff accepted a position as Environmental Health and Safety Manager of Defendant's Van Buren, Michigan location.

11.      Again, Plaintiff performed this job satisfactorily and met all requirements for this position.

12.     In fact, Plaintiff excelled at this position. The Michigan plant recorded over a million manhours with no recordable health or safety incidents.

13.     In 2019, Defendant hired a new General Manager for the Van Buren location.

14.     Immediately, the General Manager began making highly derogatory and sexist remarks. Specifically, the General Manager openly stated to the largely female leadership team "with all this estrogen in the room, I should do the talking to the customer" and that women should not be in charge because they are "driven by emotions" and "God help us if it's that time of the month."

15.     In March 2020, shortly before the shutdowns for the then-escalating COVID-19 pandemic, Defendant hired a new Plant Manager at the Van Buren location.

16.     Plaintiff diligently performed her tasks as Health and Safety Manager during the COVID-19 pandemic, by among other things, ensuring proper protocols were in place to comply with public health orders, and personally taking temperatures of essential employees.

17.     During this time, the new Plant Manager would routinely belittle female employees that spoke during meetings, including by ridiculing their ideas, laughing at them, and screaming in their faces over minor issues.

18.     In approximately early August 2020, the Plant Manager called Plaintiff on a Saturday about a supervisor who was apparently not performing health and safety checks. Plaintiff offered to come in personally and audit the checks performed by the manager. The Plant Manager screamed at Plaintiff and told her "What are you going to cry about it like a little girl?"

19.     Also, around this time, the Plant Manager also openly laughed at a presentation Plaintiff gave to corporate executives.

20.     On or about August 18, 2020, the Plant Manager convened a meeting to discuss Plaintiff's performance. The Plant Manager became belligerent about Plaintiff's alleged performance deficiencies and began screaming at Plaintiff and pounding his fist on the table.

21.     Plaintiff began to fear for her physical safety and requested they end the meeting so that she could go home and he could calm down.

22.     After leaving the meeting, HR called Plaintiff and informed her she was terminated effective immediately for "performance."

23.     However, each of the alleged performance issues raised by the Plant Manager had no basis in fact.

4

24. This basis for termination was simply a pretext for discrimination based on sex. Plaintiff had no identified performance issues, no write ups, and no discipline of any kind.

25. The real reason for Plaintiff's termination was because her sex, female.

## CAUSES OF ACTION

### COUNT I
### TITLE VII – SINGLE MOTIVE SEX DISCRIMINATION
### 42 U.S.C. 2000e-2(a)(1)

26. Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

27. At all relevant times, Defendant was an employer, and Plaintiff was an employee covered by and within the meaning of Title VII.

28. Plaintiff is a member of a protected group because of her sex, female.

29. Plaintiff was subjected to adverse employment action when she was terminated by Defendant.

30. But for Plaintiff's sex, she would not have been terminated.

31. Defendant discriminated against Plaintiff because of her sex in the terms and conditions of her employment in violation of 42 U.S.C. § 2000e-2(a)(1).

32. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and

embarrassment, and the physical effects associated therewith, and will so suffer in the future.

33.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

34.    Defendant's course of conduct was done with reckless disregard to Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

**COUNT II**
**TITLE VII – MIXED MOTIVE SEX DISCRIMINATION**
**42 U.S.C. § 2000e-2(m)**

35.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

36.    At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of Title VII.

37.    Plaintiff is a member of a protected group because of her sex, female

38.    Defendant's actions were motivated by unlawful discrimination against Plaintiff because of her sex, even though other factors may have motivated the termination in violation of 42 U.S.C. § 2000e-2(m).

39.    Defendant subjected Plaintiff to adverse employment actions up to and including termination.

40.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

41.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

42.     Defendant's course of conduct was done with reckless disregard to Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

## COUNT III
## ELLIOTT-LARSEN CIVIL RIGHTS ACT SEX DISCRIMINATION
## MCL 37.2202(1)(a)

43.     Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

44.     At all relevant times, Defendant was an employer, and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act. MCL § 37.2101.

45.     Plaintiff is a member of a protected group because of her sex, female.

46.     Plaintiff was subjected to adverse employment action when she was

7

terminated by Defendant.

47.     But for Plaintiff's sex, she would not have been terminated

48.     Defendant's actions constituted unlawful discrimination on the basis of sex in violation of MCL 37.2202(1)(a).

49.     As a direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

50.     As a direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

8

a.  Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ELCRA and/or Title VII;

b.  Award Plaintiff all lost wages and benefits, past and future, to which she is entitled;

c.  Award Plaintiff emotional distress damages;

d.  Award Plaintiff appropriate equitable relief;

e.  Award Plaintiff all appropriate compensatory damages;

f.  Award Plaintiff exemplary damages;

g.  Award Plaintiff punitive damages; and

h.  Award Plaintiff reasonable attorney fees, costs and interest; and Award such other relief as this Court deems just and proper.

Respectfully submitted,

CROSON, TAUB & MICHAELS, PLLC

/s/ *Joseph X. Michaels*

Joseph X. Michaels (P79084)
Attorney for Plaintiff
CROSON, TAUB, & MICHAELS, PLLC
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
jmichaels@ctmlawyers.com

Dated: August 11, 2022

9